# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| GAYLE ISHAM, | Case No. 3:16-cv-00696-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| R. ARANAS, *et al.*, | |
| Defendants. | |

Plaintiff Gayle Isham, who is in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 34) ("R&R") relating to two motions involving a settlement—Plaintiff's "Omnibus Motion" seeking to set aside the settlement entered into at an early mediation conference ("EMC") (ECF No. 17) and Defendants' Motion to Enforce Settlement Agreement ("Motion to Enforce") (ECF No. 19). Judge Cobb recommends granting Defendants' Motion to Enforce. (ECF No. 34.) Plaintiff filed an objection (ECF No. 35) to which Defendants responded (ECF No. 39). The Court agrees with Judge Cobb and will adopt the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The parties entered into a settlement agreement at the EMC held before the Honorable Valerie P. Cooke on March 5, 2019. (ECF No. 13.) Plaintiff subsequently claims that he was fraudulently induced into settling by Defendants' representation as to the strength of their argument that Plaintiff failed to exhaust his administrative remedies under the PLRA,[1] and Judge Cooke had similarly told Plaintiff that Defendants can get this case dismissed on that ground. (ECF No. 17 at 2-3.) Plaintiff reiterated this contention in his objection and explained that he did exhaust NDOC's grievance process. (ECF No. 35 at 2-5.) Judge Cobb found that Plaintiff failed to provide clear and convincing evidence that any representation about his failure to exhaust was false because the information provided to him about his failure to exhaust was accurate. (ECF No. 34 at 9.) This Court agrees with Judge Cobb. Moreover, even if Defendants overstated the strength of their exhaustion argument and even if Judge Cooke were to support Defendants' position as Plaintiff contends, this evidence is not enough to support Plaintiff's claim of fraud. It is ordinary for parties to assert the strength of their arguments and for a mediator to help evaluate the strengths and weaknesses of the parties' arguments to help the parties reach a resolution.

Plaintiff does not dispute that the settlement reached contains the essential terms of the parties' agreement to resolve this case. The Court agrees with Judge Cobb's findings that the parties entered into a binding agreement during the mediation.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 34) is accepted and adopted. Plaintiff's objection (ECF No. 35) is overruled.

It is further ordered that Plaintiff's Omnibus Motion (ECF No. 17) is denied.

It is further ordered that Defendants' Motion to Enforce Settlement (ECF No. 19) is granted.

The terms of the settlement agreement are those set forth in Judge Cobb's Report and Recommendation—Plaintiff agrees to dismiss this action with prejudice; the parties

---

[1] The Prison Litigation Reform Act provides that a § 1983 claim may not be brought by a prisoner until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a).

2

bear their own costs and attorney's fees; and Plaintiff will not be required to pay the $350 fee associated with his IFP application. (ECF No. 3 at 11.)

It is further ordered that this action is dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 18th day of July 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE